IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DANIEL HERROLD, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 04-618-CV-W-GAF |
| ) | |
| CONTIGROUP COMPANIES, et al. ) | |
| ) | |
| Defendants. ) | |

## ORDER REMANDING THE CASE

This action was originally filed as a Class Action Petition in the Circuit Court of Jackson County, Missouri asserting claims for temporary nuisance and failure to abate against the Defendants Contigroup Companies, Inc., Premium Standard Farms, Inc., and PSF Group Holdings, Inc. (collectively "Defendants"). Defendants removed the case to this Court on July 13, 2004. (Doc. #1). The Defendants' theory supporting the propriety of removal was the possibility that the present action was designed to modify or frustrate the implementation of a federal consent decree (the "Consent Decree") entered by this Court in another case.[1] The Consent Decree memorialized the resolution of citizen suits brought against two of the Defendants in this action, Contigroup Companies, Inc. and Premium Standard Farms, Inc., by The Citizens Legal Environmental Action Network.

Plaintiffs Daniel Herrold, et al. (collectively "Plaintiffs") originally sought both injunctive relief and

---

[1] Citizens Legal Env't Action Network, Inc. v. Premium Standard Farms, Inc., No. 97-6073-CV-SJ-6, issued by Judge Howard F. Sachs.

1

monetary damages. (Doc. #1, Attach. #2). On July 26, 2005, this Court denied a motion to remand filed by the Plaintiffs on the grounds that a substantial question of federal law existed because Plaintiffs' request for injunctive relief would require interpretation of the Consent Decree. (Doc. #28). This Court stated, "[I]f the Plaintiff[s] were to prevail and injunctive relief were required, such relief must be crafted with the requirements of the Consent Decree firmly in mind. As such, this Court finds that Plaintiffs' claim for relief would require the resolution of a substantial question of federal law." Id.

On December 1, 2005, this Court granted Plaintiffs leave to file their first amended class action complaint. (Doc. #63). Plaintiffs filed their amended complaint the same day, removing all references to the Consent Decree and the injunctive relief and failure to abate which formed the basis of federal subject matter jurisdiction. (Doc. #64). Plaintiffs' only claim is a state law nuisance claim, and Plaintiffs now seek only monetary damages. For the reasons set forth more completely below, this Court finds that, in light of Plaintiffs' amended complaint, remand is appropriate.

## DISCUSSION

It is well settled that the propriety of removal is judged by the record as it stands at the time the petition for removal is filed. Hatridge v. Aetna Casualty & Surety Co., 415 F.2d 809, 814 (8th Cir. 1969). Federal jurisdiction is not defeated merely by a plaintiff's post-removal amendment to eliminate the federal claims upon which federal jurisdiction is premised. Nelson v. Citibank (South Dakota) N.A., 794 F.Supp. 312, 314 (D. Minn. 1992) (Internal citations omitted). However, the United States Supreme Court has held that, under the doctrine of pendent jurisdiction, federal district courts have discretion to remand a properly removed case to state court when all questions of federal law have been eliminated from the action and only state law claims remain. *See* Carnegie-Mellon University v. Cohill, 484 U.S. 343, 348 (1988).

2

In Cohill, the plaintiffs commenced an action in state court, alleging violations of state and federal age discrimination laws, as well as various other state law claims. Id. at 345. The Defendants removed the lawsuit to federal court. Id. Six months later, the Plaintiffs moved for leave to amend their complaint to delete their sole federal law claim, which had provided the basis for federal jurisdiction. Id. The district court granted Plaintiffs leave to amend and then remanded the remaining state law claims to the state court in which the Plaintiffs had originally filed the action. Id. The Supreme Court affirmed the district court's order remanding the case. Id. at 348.

The facts of the instant case are analogous to Cohill. Here, the Plaintiff's claim for injunctive relief in the original complaint raised a substantial question of federal law. However, following Plaintiff's amendment of the complaint to delete the request for injunctive relief, only Plaintiff's state law nuisance claim and request for monetary damages remained. Therefore, under Cohill, because Plaintiffs' original complaint raised a substantial question of federal law, and their amended complaint removed the substantial question of federal law, this Court has discretion to remand Plaintiffs' remaining state law claim.

Courts should consider judicial economy, as well as convenience and fairness to the litigants when deciding whether to exercise supplemental jurisdiction over state law claims when all substantial questions of federal law have been eliminated before trial. *See* Cossette v. Minnesota Power & Light, 188 F.3d 964, 973 (8th Cir. 1999). In the usual case where all federal questions are eliminated before trial, the balance of the factors to be considered will weigh in favor of declining to exercise jurisdiction over the remaining state law claims. Cohill, 484 U.S. at 350 n.7. Indeed, "Federal district courts should exercise judicial restraint and avoid state law issues wherever possible because state law claims are more properly heard by state courts." Quinn v. BJC Health Sys., 364 F.Supp.2d 1046, 1056 (E.D. Mo. 2005), *quoting*

3

Cameron v. Mid-Continent Livestock Supp., Inc., 211 F.Supp.2d 1120, 1127 (E.D. Mo. 2002). *See also* United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966) (holding that in the absence of a viable federal claim, the district court should decline to exercise supplemental jurisdiction over the remaining state law claims).

This case is still in the discovery phase; it is not set for trial until October of 2006. Further, and most importantly, because the Plaintiffs' claim no longer requires significant interpretation of the Consent Decree, Plaintiffs' state law nuisance claim for monetary damages is simply more appropriately handled by the state court. Judicial economy, convenience, and fairness to the litigants warrant remand to state court. Accordingly, IT IS ORDERED that this case be remanded to the Circuit Court of Jackson County, Missouri.

**IT IS SO ORDERED.**

          /s/ Gary A. Fenner
          GARY A. FENNER, JUDGE
          United States District Court

DATED: December 13, 2005